Richard B. GOSSARD, Joyce Gossard, Barney Dewees, John Daly, Nursefinders of Sarasota, Inc., Nursefinders of St. Petersberg, Inc., Nursefinders of Mobile, Inc., Plaintiffs-Appellants,

v.

ADIA SERVICES, INC., Defendant-Appellee.

No. 95-3305.

United States Court of Appeals,

Eleventh Circuit.

April 23, 1999.

Appeal from the United States District Court for the Middle District of Florida. (No. 91-11-CV-T-17B), Thomas G. Wilson, Judge.

Before TJOFLAT and BARKETT, Circuit Judges, and GODBOLD, Senior Circuit Judge.

BARKETT, Circuit Judge:

In this tortious interference action, appellants Richard Gossard, Joyce Gossard, Barney Dewees, John Daly, Nursefinders of Sarasota, Inc., Nursefinders of St. Petersburg, Inc., and Nursefinders of Mobile, Inc. (collectively "Gossard") appeal the district court's entry of judgment as a matter of law in favor of Adia Services, Inc. ("Adia"), notwithstanding the jury verdict which resolved all the factual issues in favor of Gossard. The district court's order was based on two findings: (1) that Adia did not "induce or otherwise cause" a breach of contract under Florida law, *see Ethan Allen, Inc. v. Georgetown Manor, Inc.,* 647 So.2d 812, 814 (Fla.1994) (citing Restatement (Second) of Torts, § 766 (1977) (defining the tort of "intentional interference with a contract")), and (2) that the jury's $2,488,000 compensatory damage award was based on an erroneous legal theory.

The facts of this case are set out in *Gossard v. Adia,* 120 F.3d 1229 (11th Cir.1997). In that opinion, we concluded that the dispositive question of Florida law was not dictated by the clear and controlling precedent of the Florida Supreme Court. Accordingly, we certified the following question to the Florida Supreme Court:

WHETHER FLORIDA LAW RECOGNIZES A CLAIM FOR TORTIOUS INTERFERENCE AGAINST A CORPORATION WHICH PURCHASES AS A SUBSIDIARY A CORPORATION

WHICH HAS A PREEXISTING OBLIGATION NOT TO COMPETE AGAINST ITS FRANCHISEE, PLAINTIFF HEREIN, AND SUBSEQUENTLY PURCHASES ANOTHER SUBSIDIARY WHICH IS IN DIRECT COMPETITION WITH THE FRANCHISEE.

*Gossard v. Adia,* 120 F.3d 1229, 1231 (11th Cir.1997).

The Florida Supreme Court answered the certified question in the affirmative. *See Gossard v. Adia,* (Fla.). Based on this opinion, we REVERSE the district court's grant of judgment as a matter of law and remand this case to the district court for proceedings consistent with the opinion of the Florida Supreme Court.